UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMIA BOLTON | CIVIL ACTION |
| VERSUS | NO. 16-13346 |
| INTERNATIONAL PAPER COMPANY, ET AL. | SECTION L (1) |

## ORDER & REASONS

Before the Court is a motion seeking reconsideration of the Court's dismissal of Civil Action Number 16-13346, *Bolton v. International Paper* as a result of Plaintiff's failure to comply with several court orders, including a rule to show cause why this action should not be dismissed. R. Doc. 78. The Motion is opposed. R. Doc. 81. The Court heard oral argument on the Motion on April 3, 2019.

### I.    BACKGROUND

This case is one in a series of class actions arising out of injuries allegedly sustained by Plaintiffs as a result of an eruption at the Bogalusa Paper Mill on June 10, 2015. R. Doc. 1-2 at 1. Following the incident, Plaintiffs filed four separate class actions in state court, which Defendant International Paper Company subsequently removed to this Court.[1] In each action, Plaintiffs assert claims against Defendant for failure to provide complete and accurate information about the chemical composition and known risks presented by "black liquor," the chemical allegedly discharged from a ruptured evaporator tank. R. Doc. 1-2 at 1. Relevant to the instant motion is the case brought by Jamia Bolton, *Bolton v. International Paper Co.* No. 16-13346. Ms. Bolton is represented by Mr. Barry Bolton.

---

[1] *Bolton v. Int'l Paper Co.*, No. 16-13346 (E.D. La.); *Jarrell v. Int'l Paper Co.*, 16-13793, (E.D. La.); *Sanders v. Int'l Paper Co.*, 16-12567, (E.D. La.); *Slocum v. Int'l Paper Co.*, 16- 12563 (E.D. La.).

During the Court's December 2018 telephone status conference, the Court ordered the parties to pick four individual Plaintiffs' cases that would proceed to trial. Thereafter, Magistrate Judge van Meerveld advised the Court that Mr. Bolton had not been participating in status conferences set before her and that he had not been responding to Defendants' discovery requests. This became an issue for all parties, as one of Mr. Bolton's purported clients, Ms. Patrice Belton, had been selected as one of the Plaintiffs in the upcoming Bellweather trial. Notably, since this action was removed to this Court in 2016, Mr. Bolton has made an appearance at only four out of twenty-four status conferences.[2]

As a result of Mr. Bolton's failure to participate and Defendant's motion to dismiss Ms. Belton's claims for failure to prosecute, R. Doc. 71, the Court issued a Rule to Show Cause on February 21, 2019, ordering Mr. Bolton to appear before the Court to explain his failure to respond to opposing counsel and comply with the Court's orders, R. Doc. 72. This was Mr. Bolton's second rule to show cause. *See* R. Doc. 9 (ordering Mr. Bolton to show cause for his failure to participate in a status conference). Mr. Bolton failed to appear, and the Court dismissed his case. R. Doc. 76. On March 21, 2019, Mr. Bolton filed a motion seeking reconsideration, arguing that he had not received notice of the Rule, nor had he received any other Court orders. R. Doc. 78. Notably, Mr. Bolton confirmed that the email address listed on the docket was correct. *Id.* The Court set the motion for oral argument. R. Doc. 80.

On March 26, 2019, Defendant International Paper filed an opposition, arguing that allowing Mr. Bolton to reopen this case would be prejudicial to them, given his repeated failures to comply with the Court's orders and discovery. Defendant also points out that Mr. Bolton's conduct has been

---

[2] *See generally* R. Docs. 9, 24, 25, 27, 28, 29, 31, 54, 58, 59, 60, 61, 62, 65, 66, 67, 68, 69. *But see* R. Docs. 14, 23, 32, 50, 51 (noting Mr. Bolton made an appearance on October 26, 2016; October 16, 2017; May 15, 2018; June 28, 2018).

an issue since the case was removed in 2016. Specifically, it points to:

1. October 13, 2016, when the Court required Mr. Bolton to explain his reason for being absent from a status conference and why he should not be held in contempt for that absence and ordered Mr. Bolton to explain why his case should not be dismissed for failure to prosecute. R. Doc. 9.
2. June 15, 2018, after Mr. Bolton filed three deficient pleadings, the Court ordered "that before filing further pleadings Plaintiffs' counsel shall familiarize himself with the Federal and Local Rules and the Courts' electronic filing system." R. Doc. 39. Mr. Bolton has since filed several deficient documents.
3. The February 8, 2019 status conference before Magistrate Judge van Meerveld, during which Judge van Meerveld ordered Plaintiffs to provide Defendant with written discovery responses by February 12, 2019; Mr. Bolton failed to appear at the status conference and failed to comply with Judge van Meerveld's order. R. Doc. 69.

Moreover, Defendant represents that Mr. Bolton has not propounded discovery on Defendant since 2016. R. Doc. 81 at 2. Thus, Defendant contends, Mr. Bolton will be unable to prosecute his claims against it. *Id.*

## II. ANALYSIS

Mr. Bolton's main defense of his failure to participate in discovery is that he never received notice from the Court regarding any status conferences, orders, or the rule to show cause of which he now seeks reconsideration.

In this district, "Each attorney has a continuing obligation to notify the Court promptly of any changes in address, telephone number, email, or other ECF account information. After registration for ECF, attorneys are required to maintain their ECF accounts and to update the account promptly with any changes." U.S. DIST. COURT FOR THE E. DIST. OF LA., ADMINISTRATIVE PROCEDURES FOR ELECTRONIC CASE FILINGS AND UNIQUE PROCEDURES AND PRACTICES FOR ELECTRONIC FILINGS 2 (2015), http://www.laed.uscourts.gov/case-information/procedures-and-practices-e-filing. Moreover, "Any document sent electronically by the Court will be deemed delivered if electronically transmitted to the last known e-mail address provided by the Filing User in the Filing User's ECF registration." *Id.* at 3. "It is the responsibility of the ECF Filing User to maintain a working

current e-mail account and to make any changes promptly to e-mail addresses." *Id.*

In his motion, Mr. Bolton confirmed that the e-mail address he provided to the Court was correct. Moreover, on March 22, 2019, the Court's Information Technology unit ran a diagnostic to determine whether the electronic filings had been received by Mr. Bolton at the e-mail address he provided. This diagnostic confirmed Mr. Bolton had received all of the Court's notices. As a result, the Court concludes Mr. Bolton received notice of each filing, and his motion to reconsider will not be granted on this basis.

During oral argument, Mr. Bolton also implored the Court to reinstate this action for the benefit of his clients. However, dismissal of Mr. Bolton's action will not prejudice any Plaintiff, with the exception of Ms. Jamia Bolton, the only named Plaintiff in this case. Because the deadline for seeking class certification passed in January 2019 and Mr. Bolton did not seek class certification or an extension of the certification deadline, the only Plaintiff that could be dismissed with prejudice in this action was Ms. Bolton. The remaining Plaintiffs Mr. Bolton claims to represent were never made a party to the case and therefore could not and were not dismissed.

Furthermore, the Court recently certified an issue class defined as "All persons or entities who were physically present or owned property within Bogalusa, Louisiana, Parish of Washington on June 10, 2015, and who sustained injuries or damages as a result of the discharge of 'black liquor' at the Bogalusa Paper Mill owned by the International Paper Company." *Slocum v. Int'l Paper Co.*, No. 16-12563, R. Doc. 207 (E.D. La.). Mr. Bolton's purported clients fall within this class definition, and therefore, their claims remain active as members of this issue class.

Finally, and most importantly, Mr. Bolton's motion plainly does not meet the standard for a motion to reconsider. Under Federal Rule of Civil Procedure Rule 59(e), district courts have the power to consider altering or amending a judgment that would otherwise be final. *See Burnam v.*

*Amoco Container Co.*, 738 F.2d 1230 (11th Cir. 1984). To succeed under Rule 59(e), the party must point to a change in controlling law, new evidence, and/or a need to correct a clear and manifest error. Evidence cannot be considered "newly discovered" if it was available before entry of the challenged decision. *See, e.g., Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567–68 (5th Cir. 2003). According to the Fifth Circuit, "altering and amending a judgment under Rule 59(e) is an extraordinary remedy that courts should use sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Because Mr. Bolton does not point to a change in controlling law, new evidence, and/or a need to correct a clear and manifest error, the Court will deny the motion for reconsideration.

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motion seeking reconsideration of the Court's dismissal of Civil Action Number 16-13346, *Bolton v. International Paper* as a result of Plaintiff's failure to comply with several court orders, including a rule to show cause why this action should not be dismissed, R. Doc. 78, be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that the motion seeking class certification, R. Doc. 83, is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that the motion seeking to file a reply brief in support of class certification, R. Doc. 88, is **DENIED AS MOOT.**

New Orleans, Louisiana on this 21st day of May, 2019.

_____
Eldon E. Fallon
U.S. District Court Judge